## 61718. WHITLEY v. THE STATE.

SHULMAN, Presiding Judge.

Defendant appeals his conviction of the offense of theft by taking. We affirm.

1. Defendant (along with two co-defendants, who are not parties to this appeal) was accused of stealing $1,200 worth of cigarettes from Rich's, a division of Federated Department Stores, Inc., d/b/a Richway. A witness for the state testified at trial to a previous similar incident in which the defendant had allegedly attempted to shoplift cigarettes from another Richway store. The witness testified that the defendant, while in custody as a shoplifting suspect for that earlier offense, made the statement that he was a "professional booster, which is a shoplifter, and that that's the way he made his living."

Defendant argues on appeal that the admission of the above inculpatory statement without a determination of voluntariness was error. This contention was not asserted at trial. That being so, that ground for error will not be considered on appeal. *Day v. Mills,* 224 Ga. 741 (2) (164 SE2d 828). The grounds raised at trial, that the statement was inadmissible for the reasons that it was "outside the modus operandi," and that it impermissibly placed defendant's character in issue, are not meritorious. The argument that the alleged admission fell outside the modus operandi poses, in reality, a relevancy objection. The statement, while obviously prejudicial to the defendant, is nevertheless clearly relevant to the purpose for which the evidence of a similar occurrence was admitted; that is, to show a common plan or scheme. Nor is the argument that it impermissibly placed defendant's character in issue viable. Defendant's character was placed in issue upon the admission, without objection, of testimony regarding a similar attempt to

allegedly shoplift cigarettes from a Richway store. Defendant's contentions of error regarding the admissibility of the inculpatory statement do not therefore present ground for reversal.

2. Defendant was brought to trial on two counts. Count 1 charged the defendant with theft by receiving stolen property (an automobile). Count 2 pertained to the shoplifting of cigarettes. Prior to the court's directing a verdict in favor of defendant on Count 1, testimony regarding a reported stolen automobile found with the defendant at the time of his arrest (in which automobile were found some of the cartons of cigarettes allegedly stolen from Richway) was admitted. That testimony was not, as defendant contends, irrelevant and unfairly prejudicial, inasmuch as it was pertinent to the charge of receiving stolen property (the automobile) for which defendant was currently on trial. For that reason, it was not evidence of an independent transaction and its admission was not error.

3. Defendant testified on direct examination that he had been arrested on a prior occasion for auto theft. Counsel for the defendant objected to the prosecutor's attempt to question the defendant concerning prior convictions on the ground that, while the defendant may have placed his character in issue regarding prior arrests, evidence regarding prior convictions was not admissible, since defendant had not placed his character in issue in that regard.

The trial court sustained defendant's objection and instructed the jury to disregard the state's question, which had not been answered by defendant. The motion for mistrial was not renewed. Defendant nevertheless contends that the court's failure to declare a mistrial upon counsel's initial objection to the state's question was error. We disagree. "'When a motion for mistrial is made and the trial court instructs the jury not to consider the alleged error upon which the motion is based, and counsel neither requests further instructions nor renews the motion for mistrial, the assignment of error based on the denial of the motion for a mistrial is without merit.' [Cit.]" *Cherry v. State,* 220 Ga. 695 (5) (141 SE2d 412). See also *Mathis v. State,* 153 Ga. App. 587 (2a) (266 SE2d 275).

4. Defendant's contentions of error on the general grounds are similarly without merit. Defendant's signed confession, coupled with the criminating testimony of an alleged accomplice and circumstantial evidence of defendant's guilt, authorized his conviction. Based upon the evidence presented at trial, a rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of the offense of theft by taking. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 22, 1981.

*William T. Hankins III,* for appellant.

*Robert E. Wilson, District Attorney, Michael M. Sheffield, Susan Brooks, Assistant District Attorneys,* for appellee.