### 63146. BRAWNER v. THE STATE.

DEEN, Presiding Judge.

Following the denial of his motion for a new trial, Sam D. Brawner brings this appeal from his conviction of armed robbery.

1. Enumerations one through six contend that the trial court erred in its charge on presumption of innocence, reasonable doubt, that the jury is the judge of the law and the facts in a criminal case, that the jury's duty is to reconcile the conflicts in the evidence, and on the sufficiency of evidence needed to convict. These charges are essentially the same as those set forth in the Judicial Council's Pattern Jury Instructions in Criminal Cases and we find that when the charge is considered as a whole it was not burden shifting as contended by the defendant as the state carried the burden of proving his guilt beyond a reasonable doubt and that these charges were a correct statement of the legal principles charged.

2. As the seventh enumeration was not supported by argument or citation to authority, it is deemed to be abandoned. Court of Appeals Rule 15 (c) (2).

3. Enumerations eight through fourteen assert the general grounds and are without merit. The victim testified that she was working as a desk clerk at the Crown Inn on the evening of the robbery when the defendant entered carrying a gun and a paper sack and instructed her to fill the bag with her money, her watch and her rings. When he was later arrested, the defendant was found with the victim's rings on his person and one of the men at the arrest scene gave the officers a gun which he claimed belonged to the defendant. The defendant denied taking part in the robbery, claimed that he had purchased the rings from a third party named "Gary" who did not appear at trial, and that the gun belonged to his friend Brian who also did not testify. The credibility of the witnesses is solely a question for the jury. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). From the evidence presented at trial a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

4. The defendant's next two enumerations of error contending the trial court erred in allowing the state to reopen its case and allowing the gun into evidence are without merit. The trial judge has the discretion to permit either party to reopen the case after the

evidence is closed. *Leach v. State,* 143 Ga. App. 598 (239 SE2d 177) (1977). The gun was identified by the victim as similar to the one used in the robbery and was also identified as being in possession of the defendant subsequent to the robbery. Thus, there was relevant evidence that the pistol was possibly the weapon used in the crime and it was for the jury to determine the weight and effect to be given this evidence. *Washington v. State,* 243 Ga. 329 (253 SE2d 719) (1979); *West v. State,* 232 Ga. 861 (209 SE2d 195) (1975).

5. In his final (seventeenth) enumeration of error, the defendant complains of the trial court's charge as to identification testimony. We have examined the charge and find that it was a complete and thorough charge of the law on this issue. The trial court instructed the jury that the state carries the burden of proving identity beyond a reasonable doubt and that factors such as the possibility of human error or mistake and the opportunity that the witness had to observe the accused were factors to be considered in determining whether the defendant was the perpetrator of the crime for which he is charged. This enumeration is without merit.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 15, 1982—
REHEARING DENIED JANUARY 29, 1982— ▮

*Ben Lancaster,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.