## 62812. McCOY v. THE STATE.

POPE, Judge.

Bernard Moses McCoy appeals his conviction of rape and aggravated assault and sentence to life imprisonment.

1. The evidence showed that McCoy and the victim left a night club at about 11:30 p.m. to walk to the Red Star Cafe. Before they arrived, however, McCoy attacked her, beating her severely on the head with a brick and raping her. The victim was taken to the hospital emergency room where it was determined that she had numerous body lacerations and an open fracture of the skull. A pelvic examination disclosed the presence of mobile sperm. Police who examined the crime scene saw signs of a recent struggle and found several of the victim's personal effects, clothing and a brick fragment covered with blood. A shirt identified by several witnesses as having been worn by the appellant at the night club was found hanging on a tree limb nearby. Appellant was arrested in Florida after the victim identified him as her attacker from a group of photographs shown her by police. Appellant was positively identified at trial by the victim and also by the manager and another employee of the night club as the man who had socialized with the victim under their close observation from 4:00 p.m. to 11:30 p.m. We consider this evidence more than sufficient for any reasonable trier of fact to find proof of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); Hardy v. State, 159 Ga. App. 854 (285 SE2d 547) (1981). The trial court did not err in overruling the appellant's motion for new trial.

2. Appellant contends that the court erred in charging the jury on the subject of incriminating statements because there was no evidence to support such an instruction. Two arresting officers testified that appellant told them on the way back from Florida that he had been in the night club on the evening in question, but appellant denied making such a statement when he took the stand, relying on an alibi defense. Thus, any evidence tending to prove that McCoy was in fact present also tended to be incriminating. Moreover, when the trial court asked counsel after the charge was given if they had any exceptions thereto, defense counsel responded, "Nothing from the defense, your Honor." "Thus, defense counsel has waived any rights to object to the charge on appeal. Jackson v. State, 246 Ga. 459 (271 SE2d 855) (1980)." Stills v. State, 158 Ga. App. 394, 395 (280 SE2d 413) (1981).

3. For the same reason, any objection to the charge as given on presumption of intent must also be deemed waived.

4. During rebuttal testimony of one of the arresting officers as to

the incriminating statement made by appellant while driving to Georgia from Florida, a misunderstanding arose as to whether McCoy had stated during the course of the conversation "that he was drunk and that he *had* committed rape and beat the victim" but did not remember it, or whether he had said "*if* he had committed rape and beat the victim" he did not remember it. (Emphasis supplied.) The trial court excused the jury, had the court reporter replay the recording of this testimony and ruled as follows: "First, let the record show that upon replaying the tape, Officer New's testimony, though barely audible, was clear to the court reporter, to the judge, and to [the assistant district attorney], if not to defense counsel, that the word 'if' was there in his previous statement when the jury was impaneled sitting and listening, that his statement was 'if' the defendant did such and such . . ." Defense counsel moved for a mistrial on the ground that this statement was a confession sought to be admitted without a showing of voluntariness. There was more colloquy concerning whether the "if" was stated and the court reporter reiterated that upon replaying the tape, "I could hear the 'if' in there." The court overruled the motion for mistrial and the witness was instructed to "speak and enunciate so that what you mean to say is heard." No further objection was made to this subsequent testimony, but error is now enumerated that it unduly prejudiced the jury and demanded a mistrial.

We do not agree. The trial court invoked the precautions necessary to determine what the testimony had actually been and to remedy any misapprehension in the minds of the jurors as to what the witness may have said or meant. Defense counsel acquiesced in the subsequent testimony provided "the witness be asked to repeat what he said in a clear manner for the jury to understand." The witness was so warned and the motion for mistrial was not renewed thereafter. "If the relief granted was not sufficient, it was the the obligation of counsel for defendant to promptly ask for additional relief." *Jones v. State,* 159 Ga. App. 845, 847 (285 SE2d 584) (1981). In the absence of such request, there is no merit in this complaint. *Whitley v. State,* 158 Ga. App. 618 (3) (281 SE2d 637) (1981).

5. Appellant moved to suppress the identification evidence of an employee of the night club who testified that she had been shown only one photograph, that of the appellant. However, the police officer who conducted the photographic lineup shortly after the incident occurred swore positively that he had displayed several pictures to this witness. Moreover, the transcript clearly discloses that she had ample opportunity to observe the appellant at fairly close range for a period of several hours before he left the club, and her testimony that the appellant was the person she saw there was

corroborated by the manager, the victim and appellant's own admission to the police officers that he had been there. Even if the identification from the photographic display was unduly suggestive, the in-court identification was not thus constitutionally inadmissible because it did not depend upon prior identification but had an independent origin. *Fowler v. State,* 246 Ga. 256 (5) (271 SE2d 168) (1980); *Price v. State,* 159 Ga. App. 662 (1) (284 SE2d 676) (1981). We find no reversible error for any reason assigned.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 27, 1982.

*Daniel J. Craig,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.