## 65245. WRIGHT v. THE STATE.

Banke, Judge.

The appellant and Wayne Grant were jointly indicted and convicted of armed robbery. A third defendant, Robert Williams, was also named in the indictment but had not been apprehended as of the time of trial. On appeal, the appellant contends that the in-court identification testimony of the two victims should not have been admitted against him because it was irreparably tainted by his prior confrontation with the witnesses at a preliminary hearing. The state contends that if any likelihood of irreparable mistaken identification resulted from the manner in which the preliminary hearing was conducted, it was induced by the appellant's own actions in insisting that the hearing be held and in subpoenaing the two victims to appear.

The two victims, both employees of a Time Saver convenience store, testified that the appellant entered the store on January 31, 1982, at about 7:30 p.m., and forced them at gunpoint to hand over the contents of the safe and the cash register, including several rolls of coins. They stated that the appellant did not wear a mask and that they were able to observe him for several minutes while the robbery was taking place. The appellant was also identified by a third

eyewitness, a customer who was entering the store as the appellant was leaving with the money. This witness testified that he immediately recognized both defendants, having previously seen them around town on several occasions. Indeed, he was able to give the sheriff their last names. He later picked co-defendant Grant from a lineup in which the appellant was not a participant.

Two witnesses living in the vicinity of the store testified that between 7:30 and 8:00 on the evening of the robbery the appellant, Grant, and another man drove up to their house hurriedly and said that they were having car trouble. Shortly thereafter, without making any repairs, the appellant drove off in the car, and the other two left on foot. The next day, a roll of pennies and several other coins were found next to the house. Both witnesses positively identified the appellant as one of the three men in the car, and both stated that they were personally familiar with him.

Upon his arrest, the appellant gave a written statement to police in which he admitted having taken two men to the Time Saver on the day in question but denied having gone into the store himself or having been aware at the time that a robbery had occurred. He did not testify at trial. *Held:*

We emphatically reject the state's argument that the appellant induced any error which may have resulted from the manner in which the preliminary hearing was conducted, either by insisting on having the hearing or by subpoenaing the two victims to it. The defendant in a criminal case does not forfeit his right to a fair trial by requesting or insisting upon a preliminary hearing, nor does he do so by sub-poenaing the alleged victims of the offense with which he is charged. However, since both victims in this case were able to observe the appellant at close range for a period of several minutes while the robbery was taking place and since each testified that his or her in-court identification testimony was based on these observations, we hold that the court was authorized to conclude that the testimony had an independent basis and was thus admissible. Accord *Burrell v. State,* 239 Ga. 792, 793 (239 SE2d 11) (1977); *Fowler v. State,* 246 Ga. 256 (5) (271 SE2d 168) (1980); *McCoy v. State,* 161 Ga. App. 97, 98 (5) (289 SE2d 301) (1982). See generally Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972). In any event, in light of the overwhelming evidence of guilt in this case provided by the remaining witnesses, we conclude that any error in admitting the victims' testimony was harmless. See generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED DECEMBER 1, 1982.

*Lloyd D. Murray,* for appellant.
*Dupont K. Cheney, District Attorney, Harrison Kohler, Assistant District Attorney,* for appellee.