### 64695. CHRISTIAN v. THE STATE.

SOGNIER, Judge.

Probation revocation. Appellant was charged with violation of the Controlled Substances Act and uttering forged prescriptions in violation of the terms of his probation. At a probation revocation hearing on March 2, 1982 evidence was presented that appellant was apprehended on August 27, 1981 with drug paraphernalia and suspected controlled substances in his possession. Evidence was also presented that on November 4, 1981 appellant told his girl friend to get some forged prescriptions filled, knowing at the time that the prescriptions were forged. Appellant's girl friend was apprehended

the same date while attempting to get the prescriptions filled.

The trial court found sufficient evidence to support the charge of uttering forged prescriptions and issued an order revoking appellant's probation based on that charge. However, the forensic chemist who tested the controlled substances was not available to testify, so the hearing was continued until March 30, 1981. At the continued hearing the forensic chemist testified that the substances in appellant's possession were secobarbital and amobarbital, both of which are controlled substances. Based on this additional testimony the court then found that appellant violated the terms of his probation by possessing controlled substances, and issued a second order revoking appellant's probation on this charge also.

1. Appellant contends that the evidence was not sufficient to support the revocation of his probation. However, Georgia adheres to the "slight evidence" rule in probation revocation proceedings, *State v. Brinson,* 248 Ga. 380, 381 (2) (283 SE2d 463) (1981), and the evidence presented was sufficient to support the revocation of probation on either charge.

2. Appellant contends the evidence presented at his probation hearing would not support a conviction in a criminal trial and thus, he was deprived of his due process rights in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States. We do not agree.

"[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." Morrissey v. Brewer, 408 U. S. 471, 480 (92 SC 2593, 33 LE2d 484). This rule was extended to revocation of probation hearings in Gagnon v. Scarpelli, 411 U.S. 778 (93 SC 1756, 36 LE2d 656). However, Morrissey and Scarpelli, supra, did not deal with the standard of proof required in revocation hearings. As to revocation hearings, " '[a]ll that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.' . . . The law is well established that revocation of probation is an exercise of the trial court's broad discretionary power, and such an action will not be disturbed in the absence of a clear showing of abuse of that discretion." United States v. Clanton, 419 F2d 1304, 1305, 1306 (5th Cir., 1969). "Revocation of probation does not require proof sufficient to sustain a criminal conviction," *Johnson v. State,* 142 Ga. App. 124, 125 (235 SE2d 550) (1977), and "Georgia adheres to the 'slight evidence' rule in probation revocation proceedings." *State v. Brinson,* supra. Accordingly, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED DECEMBER 3, 1982.

John V. Costley, Jr., for appellant.
John T. Strauss, District Attorney, Steven A. Hathorn, Assistant District Attorney, for appellee.