## 65919. PARHAM v. THE STATE.

DEEN, Presiding Judge.

Appellant was convicted of three counts of armed robbery. He appeals on the general ground that the evidence did not support the verdict of guilty.

At trial, three witnesses testified that on December 23, 1980, in the women's restroom at the Marriott Hotel in Cobb County, a man armed with a handgun forced them to lie down on the floor and hand over certain personal property, including rings, watches, and wallets. After the robber fled the scene and other hotel personnel had been alerted, one hotel employee searched outside and spotted someone at the corner of the building apparently sorting through some objects. The employee pursued this person, who carried a blue denim jacket under one arm, across the hotel parking lot, over a fence, and into a growth of brush just beneath the I-75 expressway. A police officer arrived shortly and found the appellant hidden beneath some brush; approximately five to six feet from the appellant was a blue denim jacket in which were found the personal articles taken from the robbery victims. No one else was discovered. All three victims testified that appellant was not the man who robbed them, and the hotel employee likewise stated that appellant was not the man he had chased.

Appellant explained that he had gone to the Marriott Hotel with two cohorts, Larry Frazier and another individual named Phil, for the purpose of stealing money from the cash register. Their plan called for Frazier to enter the hotel and actually steal the money, for Phil to remain in the car, and for the appellant to stand as a look-out. Appellant knew that Frazier possessed a sawed-off shotgun but knew nothing of his owning any handgun. He claimed to have been unaware that an armed robbery had occurred, until the police officer informed him of such.

In checking out appellant's explanation, the police officers apprehend Larry Frazier, but concluded after further investigation that Frazier had nothing to do with the incident. Neither Frazier nor Phil (as described by appellant) matched the

description of the robber given by the three victims. *Held:*

1. It was undisputed that an armed robbery occurred at the Marriott Hotel on December 23, 1980. Appellant's sole argument is that there was no evidence that he had the criminal intent to participate in that particular offense.

OCGA § 16-2-20 (b) (Code Ann. § 26-801) provides, in pertinent part, that "[a] person is concerned in the commission of a crime only if he: (1) directly commits the crime; . . . [or] (3) intentionally aids or abets in the commission of the crime . . ." Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but " 'presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' " *Jones v. State,* 242 Ga. 893 (252 SE2d 394) (1979); *Kimbro v. State,* 152 Ga. App. 893 (264 SE2d 327) (1980). Criminal intent may also be demonstrated by defendant's "words, . . . demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6 (Code Ann. § 26-605); *Brooks v. State,* 151 Ga. App. 384 (259 SE2d 743) (1979).

Appellant's posture was one of admitting presence and cooperation for one criminal purpose, but denying the intent of participating in an armed robbery. The matter thus essentially involved the credibility of the appellant, and his explanation of the incident was so contradicted by the testimony of the police officers, the hotel employee, and the victims that the jury certainly was authorized to reject the explanation. See *Brawner v. State,* 161 Ga. App. 120 (289 SE2d 277) (1982). Accordingly, we find the circumstances and conduct of appellant proven in this case sufficient for a rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

2. We do not address appellant's amended enumeration of errors filed on March 17, 1983. This appeal was docketed on December 30, 1982, and appellant was required to file any enumerations of error within 20 days of that date. An enumeration of error may not be amended after the original filing time has expired. *Garmany v. Peavy,* 122 Ga. App. 466 (177 SE2d 502) (1970); *Newcomb v. Pattillo,* 119 Ga. App. 495 (167 SE2d 665) (1969).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 3, 1983 —
REHEARING DENIED JUNE 9, 1983.

*Richard L. Moore, B. Wayne Phillips,* for appellant.
*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney,* for appellee.