66011. HUMPHREY v. THE STATE.

SOGNIER, Judge.

Revocation of probation. Appellant contends (1) that there was *no* evidence to authorize revocation of his probation; (2) that the "slight evidence" rule followed in probation revocation hearings is a violation of due process; (3) that the trial court erred by granting a continuance due to the absence of a state witness; (4) that the trial court erred by denying appellant's motion to dismiss the petition for revocation; and (5) that the trial court erred by admitting the prior inconsistent statement of Frederick Rowe, an alleged co-offender.

1. The evidence disclosed that police responded to a silent alarm at Belks department store in Albany, Georgia, and after seeing a broken glass door, observed Frederick Rowe hiding nearby under a hedge with several items of clothing in his possession. Rowe ran from the scene and was apprehended after a short chase. A police officer returned to the store and saw appellant walking down a public sidewalk adjacent to the store's parking lot. The policeman stopped appellant and after questioning him briefly arrested appellant.

Appellant denied any knowledge of, or participation in, the burglary. Rowe testified that he committed the burglary alone and appellant had nothing to do with the burglary. However, a prior statement to the police by Rowe implicated appellant in the planning and execution of the burglary, and was introduced into evidence by the state to impeach Rowe's testimony. Evidence introduced for impeachment is now admissible as substantive evidence of a defendant's guilt. *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717) (1982).

Only slight evidence is necessary to support the revocation of probation, *Jones v. State,* 153 Ga. App. 411, 412 (265 SE2d 334) (1980), and the evidence presented at the hearing was sufficient to meet that standard. Although appellant argues that the "slight evidence" standard is a violation of his right to due process, that contention has been decided adversely to appellant. *Christian v. State,* 164 Ga. App. 612, 613 (2) (298 SE2d 325) (1982).

Since the evidence was sufficient to support the revocation of appellant's probation, it follows that it was not error to deny his motion to dismiss the revocation petition.

2. Appellant contends the trial court erred by granting a continuance to the state because a state witness was absent due to illness. The transcript does not support this contention, as no continuance was granted the state for this or any other reason. In fact, the state rested its case without calling the absent witness. Thus, there is nothing for us to review. *Sims v. State,* 159 Ga. App. 692 (1) (285 SE2d 65) (1981).

3. In an attempt to impeach Frederick Rowe after he testified that he committed the burglary alone, the prosecuting attorney questioned Rowe about a written statement he gave to a detective which implicated appellant in the burglary. Rowe acknowledged that he had written and signed the statement, but when asked to read the statement in court, Rowe said he could not read the words. The court then admitted the statement into evidence for impeachment purposes over appellant's objection that the statement was hearsay. He contends that the court's ruling admitting the statement was error. This contention is without merit.

A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. OCGA § 24-9-83 (Code Ann. § 38-1803); *Tommie v. State,* 158 Ga. App. 216, 217 (2) (279 SE2d 510) (1981). Nor does the fact that the prior statement was a confession by Rowe render it inadmissible, because a confession of a joint offender implicating a defendant is inadmissible *only* where the co-offender does not testify and is not available for cross-examination. Bruton v. United States,

391 U.S. 123 (88 SC 1620, 20 LE2d 476); *Reddish v. State,* 238 Ga. 136, 138 (231 SE2d 737) (1977). Hence, no error was committed by allowing the prior inconsistent statement of Rowe into evidence. *Callaway v. State,* 156 Ga. App. 598 (275 SE2d 158) (1980).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 17, 1983.

*William H. Hedrick,* for appellant.

*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.