67989. MORRIS v. THE STATE.

McMURRAY, Chief Judge.
On July 10, 1978, the defendant having pleaded guilty to the offense of armed robbery was sentenced to serve 20 years. Six years of the sentence were to be served inside the penal system and the remaining 14 years to be served on probation provided, among other conditions of the probation, he did not violate the criminal laws of any governmental unit, the probation to begin immediately upon release from the penal system.

Thereafter, on October 19, 1983, the trial court, after a full hearing with respect to a petition to revoke his probation in which it was alleged that he did on July 21, 1983, commit the offense of armed robbery, ordered that his probated sentence be revoked and the defendant be required to serve the remainder of said sentence either in the county jail, public works camp or such other place as the director of corrections may direct. Defendant appeals. *Held:*

1. Defendant's first enumeration of error is that the State failed to produce slight evidence that he had violated the terms of his probation. We disagree. "Georgia adheres to the 'slight evidence' rule in

probation revocation proceedings." *Christian v. State*, 164 Ga. App. 612, 613 (1) (298 SE2d 325). Where a revocation is supported by slight evidence this court will not interfere unless there is a manifest abuse of the discretion of the trial court in ruling on the revocation. See *Sellers v. State*, 107 Ga. App. 516, 517-520 (130 SE2d 790); *Scott v. State*, 131 Ga. App. 504 (206 SE2d 137); *Gilbert v. State*, 150 Ga. App. 339 (258 SE2d 27); *Hayes v. State*, 157 Ga. App. 659 (278 SE2d 424). There is no merit in this complaint as we find that the evidence was sufficient to support the revocation of probation.

2. Attached to the petition for revocation was a certified copy of the final judgment of the clerk of the superior court wherein the defendant had pleaded guilty to the offense of armed robbery and had been sentenced to serve a term of 20 years, 6 years to serve on the inside of the penal system and the remaining 14 years to be served on the outside on order of probation, said probation to begin immediately upon release. The remaining enumeration of error is one in which the defendant contends that the trial court erred in allowing the State to reopen its evidence after having rested the case to prove that this defendant is on probation. We note the time element between the date of his sentence dated July 10, 1978, and that of the charge that he had violated the terms and conditions of his probation by committing the offense of armed robbery on July 21, 1983; that he was still in the process of serving the 20-year sentence. However, the trial court did not abuse its discretion in permitting the State to reopen its case when it was called to the attention of the court, after the close of evidence by the State, that the State had failed to prove the defendant was on probation. It is always within the sole discretion of the trial court to permit either the State or the defense in criminal cases to reopen the case after the close of the evidence. *King v. State*, 230 Ga. 581, 582 (3) (198 SE2d 305); *Brawner v. State*, 161 Ga. App. 120 (4) (289 SE2d 277); *McFarland v. State*, 137 Ga. App. 354, 357 (5) (223 SE2d 739); *Miller v. State*, 156 Ga. App. 690, 691 (2) (275 SE2d 663). We find no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 7, 1984.

Roy Morris, *pro se.*

Daniel L. Sproles, for appellant.

*F. Larry Salmon, District Attorney, T. Russell McClelland II, Assistant District Attorney*, for appellee.