69335. AKINS v. THE STATE.
69369. MITCHELL v. THE STATE.
(328 SE2d 413)

SOGNIER, Judge.

Appellants were tried jointly and were convicted of two counts of burglary.

*Case Number 69335*

1. Appellant Akins contends the trial court erred by denying his motion for a directed verdict of acquittal.

On March 30, 1983 and again on June 27, 1983 the owner of Bunn's Tire and Equipment Company (Bunn's) discovered that his business had been burglarized and several truck tires were stolen. Cedric Slaughter testified that during the latter part of March 1983 he and appellants agreed to burglarize Bunn's, although Slaughter did not participate in the burglary. The following day both appellants

had a substantial amount of money, and when Slaughter asked Mitchell where he got the money, he said: "It was all right. We made a licking last night." Akins had a pair of bolt cutters in his car, and the first burglary was committed by cutting a lock to gain entry to Bunn's business.

Willie McCord testified that he, Mitchell and Akins burglarized Bunn's on June 27, 1983. Three tires were taken, hidden in the woods and sold the next day.

Appellant Akins argues it was error to deny his motion for a directed verdict of acquittal because it was not proven beyond a reasonable doubt that appellants entered Bunn's premises without authority.

Mrs. Bunn, the wife of the owner, testified that on March 30, 1983 entry to Bunn's was gained by cutting a lock on a building containing tires and six tires were discovered missing. Such evidence is ample to show lack of authority. *Paschal v. State*, 139 Ga. App. 842, 843 (2) (229 SE2d 795) (1976). McCord's testimony established that Bunn's was entered without authority on June 27, 1983. Thus, the evidence was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), and it was not error to deny Akins' motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Akins contends it was error to deny his motion for a mistrial. Akins' motion was based on his contention that a co-defendant's confession identifying him was wrongfully read into the record. We do not agree.

Normally, the confession of a co-defendant cannot be admitted against another defendant at a joint trial. *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476); OCGA § 24-3-52. However, the rule applies only where the co-defendant does not testify and is not available for cross-examination. Id. Here, Mitchell testified and Akins' counsel himself cross-examined Mitchell about his statement to the police, including any reference by Mitchell to Akins' participation in the burglary. Thus, the rule announced in *Bruton* is not applicable. *Humphrey v. State*, 167 Ga. App. 30, 31 (3) (306 SE2d 36) (1983). Further, the trial court charged the jury that they could not use Mitchell's confession in determining the guilt or innocence of Akins. Lastly, we note that Willie McCord's testimony directly implicated Akins in the burglary on June 27, 1983, so any inadvertent reference to "J. D." in Mitchell's confession to that burglary would be harmless error. Accordingly, it was not error to deny appellant Akins' motion for a mistrial.

*Case No. 69369*

3. Counsel for appellant Mitchell filed a motion to withdraw as counsel pursuant to *Anders v. California,* 386 U. S. 738 (87 SC 1396, 18 LE2d 493). As there was no certificate of service indicating that Mitchell had been served a copy of his counsel's brief we denied the motion to withdraw. We also ordered counsel to serve Mitchell a copy of the brief and determine if he had additional matters to raise on appeal. If so, Mitchell was to advise this court within 30 days by filing a supplemental brief. Counsel for appellant complied with this order on December 26, 1984 and personally advised Mitchell of his right to present issues to this court for consideration on his appeal. Mitchell filed no supplemental brief raising additional issues.

We are in agreement with counsel that the only point raised (the general grounds) has no merit. We have fully examined the record and transcript to determine independently if there are any errors requiring reversal and have found none. The evidence adduced at trial was sufficient to authorize any rational trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia,* supra. Accordingly, we affirm.

*Judgments affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 12, 1985.

*Robert L. Godwin,* for appellant (case no. 69335).
*Thomas R. McBerry,* for appellant (case no. 69369).
*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr., Assistant District Attorney,* for appellee.