## 75183. BOSCAINO v. THE STATE.
(366 SE2d 789)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which charged him with robbery by use of force. The jury returned a verdict of guilty. Appellant appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant enumerates the general grounds. A photographic lineup was conducted three days after the incident occurred. At that time, the victim positively identified appellant as a perpetrator. The victim could not, however, subsequently make a positive in-court identification of appellant. The victim stated: "Visualizing the way [appellant] appeared that night and the way [appellant] looked in the lineup, [he doesn't] look anything like [he] did." This lack of positive in-court identification testimony does not require the reversal of appellant's conviction. "The [victim's] failure positively to identify appellant in court did not invalidate [his] earlier unequivocal identification. 'That a witness is somewhat hesitant of an identification on one occasion is not contradictory to a firm identification upon another. . . .' [Cit.]" *Hatcher v. State,* 175 Ga. App. 768, 769 (334 SE2d 709) (1985).

After reviewing all of the evidence in the light most favorable to the verdict, we find that the State produced sufficient evidence from which a rational trior of fact could reasonably have found appellant guilty of robbery by force beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Although appellant had been indicted only for robbery by force, the trial court included in its charge to the jury the entirety of the general definition of the crime of robbery as provided in OCGA § 16-8-40. Appellant enumerates the giving of the general definition of robbery as error, urging that it was only the crime of robbery by force that was at issue.

"The well established rule is that a charge on a code section in its entirety is not error where a part thereof is applicable and it does not appear that the inapplicable part misled the jury or erroneously affected the verdict. [Cits.]" *Searcy v. State*, 168 Ga. App. 233 (1) (308 SE2d 621) (1983). We find that the trial court's charge could not have confused or misled the jury in its determination of whether appellant had committed robbery by force, which was the offense charged in the indictment. See *Searcy v. State*, supra; *Chambers v. State*, 183 Ga. App. 874, 875 (1) (360 SE2d 438) (1987).

3. The trial court granted the State's request to reopen its case in order to call a witness whose name did not appear on the list that had previously been provided to appellant. This ruling gives rise to several enumerations of error.

The trial court did not err in its initial decision to allow the State to reopen its case. "It is always within the sole discretion of the trial court to permit either the State or the defense in criminal cases to reopen the case after the close of the evidence. [Cits.]" *Morris v. State*, 170 Ga. App. 849, 850 (2) (318 SE2d 517) (1984).

Although the witness' name did not appear on the list previously furnished to appellant, the trial court did allow appellant to conduct an interview before the witness was permitted to testify. Accordingly, there was no violation of OCGA § 17-7-110. "The purpose of OCGA § 17-7-110 is to afford the defendant a reasonable opportunity to interview witnesses before trial so as to avoid being surprised by testimony at trial. [Cit.] [T]he testimony of a witness whose name was not supplied to the defendant does not have to be excluded if other means of protecting the defendant and effectuating the intent of the statute can be found. [Cits.] And, in instances when the trial court has allowed the defendant an opportunity to interview 'unlisted' witnesses, it has been held that the purpose of the statute has been satisfied, and that the trial court properly allowed the witnesses to testify. [Cits.] In the instant case the trial court permitted the appellant to interview [the witness] before he testified. We thus find that the purpose of OCGA § 17-7-110 was satisfied, and that the trial court properly allowed [the witness] to testify. [Cits.]" *White v. State*, 253 Ga. 106, 109-110 (3) (317 SE2d 196) (1984).

The trial court did not err in denying appellant's motion for a mistrial, which motion was based upon a portion of the witness' direct examination. The motion was not made until long after the witness had been excused. "[A] motion for mistrial which is not made at the time the questions objected to are answered is not timely and will be considered as waived because of the delay in making it. [Cits.]" *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (1986). See also *Garner v. State*, 180 Ga. App. 146, 147 (1) (348 SE2d 690) (1986).

4. Appellant enumerates various instances of alleged pros-

ecutorial misconduct as error. As to most of the cited instances, however, appellant did not preserve his right to urge error on appeal. See generally *Cochran v. State*, 213 Ga. 706 (2) (100 SE2d 919) (1957); *Mayfield v. State*, 153 Ga. App. 459, 460 (2) (265 SE2d 366) (1980); *Whitley v. State*, 158 Ga. App. 618, 619 (3) (281 SE2d 637) (1981); *Hall v. State*, 180 Ga. App. 881, 883 (3) (350 SE2d 801) (1986).

Only one instance was preserved for review and merits discussion. Appellant objected to a portion of the State's closing argument and the trial court allowed the argument to continue over objection. Although appellant made no motion for mistrial, he "is entitled to urge on appeal that . . . the trial court erred in failing to sustain the objection and thereby require the State's counsel to desist from improper argument." *Hall v. State*, supra at 883-884 (3). However, we find that the State's argument was not improper. "Closing arguments by the district attorney which appeal to the safety of the community and general prevention of crime are proper. [Cit.]" *Burke v. State*, 153 Ga. App. 769, 771 (8) (266 SE2d 549) (1980).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 16, 1988 —
REHEARING DENIED MARCH 1, 1988 — 

*J. M. Raffauf*, for appellant.

*Robert E. Wilson, District Attorney, Susan Brooks, Linda Hunter, Fran Shoenthal, Assistant District Attorneys*, for appellee.