## A09A1411. HUNSBERGER v. THE STATE.
(683 SE2d 150)

BERNES, Judge.

A Richmond County jury found Julio A. Hunsberger guilty of kidnapping with bodily injury. On appeal, Hunsberger claims that the trial court erred in denying his motion to sever his trial from that of his co-defendant and brother, Alexander L. Hunsberger. He also contends that the trial court lacked subject matter jurisdiction because the injury in question did not occur in Georgia. For the reasons set forth below, we disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that the 16-year-old victim was forced into the trunk of Hunsberger's car in Richmond County, Georgia, and driven by Hunsberger and his brother, Alexander Hunsberger, to Edgefield, South Carolina. Stephen Barnes and three other individuals followed Hunsberger in another car. When they arrived in Edgefield, the victim was released from the trunk and marched to a field adjacent to property owned by Hunsberger's family. At Barnes's insistence, each person in turn, including the defendant, shot at the victim with a handgun. According to testimony at trial and consistent with evidence recovered from the crime scene, at least some of these shots were intentionally fired into the ground. A short time later, however, Barnes shot the victim in the head, inflicting a fatal injury.

1. Hunsberger contends that the trial court erred in denying his motion to sever his trial from that of his co-defendant. We disagree.

Whether to sever co-defendants' trials is within the discretion of the trial court. *Causey v. State*, 192 Ga. App. 294, 297 (4) (384 SE2d 674) (1989).

> Factors to be considered by the court in its exercise of discretion are as follows: (1) Will the number of defendants create confusion as to evidence and law relative to the separate defendants?; (2) Is there a danger that evidence admissible against only one defendant (or, where there are more than two defendants, only against certain ones of them) will nevertheless be considered against another?; and (3) Are the defendants' respective defenses antagonistic to the defenses, or the rights, of another?

Id. "The burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process." (Citation and punctuation omitted.) *Metz v. State*, 284 Ga. 614, 616 (2) (669 SE2d 121) (2008).

Here, the evidence showed that Hunsberger and his brother were involved in a single scheme and that they were tried for the same offense, and so a joint trial was appropriate. See *Langley v. State*, 258 Ga. 251, 252 (2) (368 SE2d 316) (1988). Further, Hunsberger "does not attempt to explain how the fact that [the two] co-defendants were jointly tried caused the jury to be confused." *Green v. State*, 274 Ga. 686, 688 (2) (558 SE2d 707) (2002). To the extent that there was a disparity in the strength of the evidence against Hunsberger and his brother, this "does not demand a finding that the denial of a severance motion is an abuse of discretion, where there is evidence showing that the defendants acted in concert." (Citation and punctuation omitted.) *Strozier v. State*, 277 Ga. 78, 81 (5) (b) (586 SE2d 309) (2003).

Hunsberger nevertheless contends that the trial court erred in failing to sever the trial when his brother decided to testify in his own defense, because "at that point, the defenses of the co-defendants became antagonistic and [there was] a very clear danger that evidence admissible against only one defendant would become admissible against the other defendant." Before Alexander testified, the trial court admitted Alexander's confessions to police into evidence, after they were redacted to omit references to Hunsberger and following an instruction to the jury that Alexander's confession could not be considered against Hunsberger. After Alexander testified, Alexander's confessions implicating both co-defendants were admitted into evidence in their entirety.

As a rule, a co-defendant's confession is not admissible against another defendant at a joint trial. See *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968); OCGA § 24-3-52; *Akins v. State*, 173 Ga. App. 797, 798 (2) (328 SE2d 413) (1985). "However, the rule applies only where the co-defendant does not testify and is not available for cross-examination." *Akins*, 173 Ga. App. at 798 (2). See *House v. State*, 237 Ga. App. 504, 507 (3) (515 SE2d 652) (1999). Since Alexander testified, his confession was admissible against both defendants.[1] Id. Accordingly, Hunsberger fails to show that there was a danger that evidence admissible against Alexander would be improperly considered against him. Further, Alexander's defense did not become antagonistic to Hunsberger's defense based upon Alexander's testimony — Alexander simply denied making the alleged statements to the police or having participated in anything connected with the victim's death. The trial court did not abuse its

---

[1] Alexander's testimony that he did not make the statements to police did not deny Hunsberger his right to confront the witness. See *Nelson v. O'Neil*, 402 U. S. 622, 629-630 (91 SC 1723, 29 LE2d 222) (1971); *Robinson v. State*, 229 Ga. 14, 16 (1) (189 SE2d 53) (1972).

discretion in denying Hunsberger's motion to sever. See *Passmore v. State*, 274 Ga. 200 (552 SE2d 816) (2001) ("Because the co-defendant testified, his statement was admissible as substantive evidence, and severance was not required.").

2. Hunsberger claims that because the victim was killed in South Carolina that Georgia lacked subject matter jurisdiction to convict him for the offense of kidnapping with bodily injury. OCGA § 16-5-40.[2] We disagree.

"[A] person shall be subject to prosecution in this state for a crime which he commits, while either within or outside the state, . . . if . . . [t]he crime is committed either wholly or partly within the state." OCGA § 17-2-1 (b) (1). Since the victim was abducted in Georgia, the kidnapping occurred within the state. See generally *Martin v. State*, 281 Ga. App. 64, 65 (1) (635 SE2d 358) (2006) (kidnapping "is consummated in the county where the victim was seized and asported to some degree"). When the victim was later injured in South Carolina, it was nevertheless a bodily injury for purposes of the Georgia kidnapping. For example, our Supreme Court affirmed a defendant's conviction for kidnapping with bodily injury where the victim was abducted in Georgia and later stabbed to death in Kentucky, but remanded the case for further proceedings on an unrelated issue in connection with the sentencing phase of the trial. *Sears v. State*, 268 Ga. 759 (493 SE2d 180) (1997). In a subsequent appeal, the Court found that the defendant's acts outside of Georgia could be considered for purposes of the state's authority to impose the death penalty. *Sears v. State*, 270 Ga. 834, 841-842 (4) (514 SE2d 426) (1999). The Court emphasized that "[t]here is no basis for [the defendant's] contention that the stabbing [in Kentucky] could not constitute part of the bodily injury in the kidnapping charge. As a matter of law, bodily injury does not have to be inflicted at the same moment as the initial abduction." Id. at 841 (4). The Court also cited *Heath v. Jones*, 941 F2d 1126 (11th Cir. 1991), for the proposition that a "defendant could be convicted of murder during a kidnapping and sentenced to death in Alabama, despite the fact that the murder occurred in Georgia." *Sears*, 270 Ga. at 842 (4). In *Heath*, the Eleventh Circuit Court of Appeals held that Alabama had subject matter jurisdiction of the crime of kidnapping/murder[3] where the kidnapping occurred in Alabama and the murder occurred in Georgia, notwithstanding the defendant's constitutional challenge. 941 F2d at 1138-1139 (II) (B) (2). See, e.g., *Lane v. State*, 388

---

[2] Although the victim was beaten in Georgia some time before being placed in the trunk of Hunsberger's car, the state does not contend that the beating was part of the kidnapping or that Hunsberger participated in the beating.

[3] This was a single offense for purposes of Alabama law. *Heath*, 941 F2d at 1138.

S2d 1022, 1028 (Fla. 1980) (if the legislature so directs, "[a] person who commits a crime partly in one state and partly in another state may be tried in either state under the sixth amendment of the United States Constitution").

In light of OCGA § 17-2-1, *Sears*, and *Heath*, we hold that Hunsberger was subject to prosecution and conviction in Georgia for the offense of kidnapping with bodily injury, notwithstanding that the victim was killed in South Carolina.[4]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 6, 2009.

*Barbara B. Claridge*, for appellant.
*Rebecca A. Wright, District Attorney*, for appellee.

---

[4] Hunsberger also makes an unrelated argument, not supported by citation to authority or specifically alleged as error, that there was a lack of evidence connecting Hunsberger to the shooting and the kidnapping, and that "the identification of Appellant as part of this incident was questionable." The record shows that witnesses made in-court identifications of Hunsberger and that Alexander's statements to police placed Hunsberger at the scene of the kidnapping in Georgia and the shooting in South Carolina. Any rational trier of fact could have found Hunsberger guilty beyond a reasonable doubt of kidnapping with bodily injury. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).