**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 28, 2019**

# In the Court of Appeals of Georgia

A18A2020. HUNSBERGER v. THE STATE.                    DO-063 C

DOYLE, Presiding Judge.

Following a 2006 jury trial, Alexander Hunsberger was convicted of the 2001 kidnapping[1] of 16-year-old Samuel Sturrup, who was thereafter murdered by Hunsberger's co-conspirators.[2] Hunsberger was sentenced to life imprisonment for the crime.[3] On appeal, Hunsberger argues that (1) the trial court improperly admitted

---

[1] OCGA § 16-5-40 (a).

[2] See *Hunsberger v. State*, 299 Ga. App. 593 (683 SE2d 150) (2009) (addressing appeal by the appellant's brother (Julio) from his conviction for instant kidnapping). Hunsberger was tried jointly with Julio. See also *State v. Hunsberger*, 418 S. C. 335, 352 (794 SE2d 368) (2016) (reversing Hunsberger's South Carolina murder conviction for Sturrup's killing based on the South Carolina trial court's violation of Hunsberger's right to a speedy trial).

[3] OCGA § 16-5-40 (d) (4).

a co-conspirator's hearsay statement; (2) the trial court improperly commented to the jury its opinion of the evidence regarding venue; (3) the trial court improperly admitted a photographic line-up identification; and (4) the trial court improperly expressed an opinion about the evidence after reopening the case. For the reasons that follow, we affirm.

Nine and a half years ago, this Court addressed Julio Hunsberger's appeal from this trial in *Hunsberger v. State*.[4] As stated above, Julio is Alexander's brother, and the two were tried jointly in 2006. Co-conspirator Steven Barnes ran a prostitution and drug ring in Richmond County, Georgia, and Sturrup and his neighbor William Harris (also a co-conspirator) became involved with Barnes. Sturrup's mother testified that on Labor Day weekend of 2001, she saw Sturrup for the last time when he left her house to attend a cookout with Harris. While Sturrup was with him, Harris received a call from Barnes about some missing money, and Barnes told Harris to bring Sturrup to him. After the two arrived at Barnes's home, Barnes confronted Sturrup about the money, and Barnes and other individuals at the home began beating Sturrup. Barnes left after Sturrup's beating, but before he did so, the Hunsberger brothers arrived at Barnes's home, and Sturrup

---

[4] 299 Ga. App. 593 (683 SE2d 150) (2009).

was forced into the trunk of [Julio']s car in Richmond County, Georgia, and driven by [Julio and] Alexander . . . to Edgefield, South Carolina. Ste[v]en Barnes and three other individuals followed Hunsberger in another car.[5] When they arrived in Edgefield, the victim was released from the trunk and marched to a field adjacent to property owned by Hunsberger's family. At Barnes's insistence, each person in turn . . . shot at the victim with a handgun. According to testimony at trial and consistent with evidence recovered from the crime scene, at least some of these shots were intentionally fired into the ground. A short time later, however, Barnes shot the victim in the head, inflicting a fatal injury.[6]

Hunsberger testified at trial, denying his involvement or making any statements to authorities; during cross-examination, the State produced a statement that he purportedly made to a South Carolina Sheriff's deputy, admitting that he was in the vehicle driven by Julio that transported Sturrup to South Carolina and that he fired a shot toward Sturrup at Barnes's instruction, but he intentionally missed the victim.

Following the trial, Hunsberger filed a motion for new trial in 2006. In 2014, the trial court appointed appellate counsel for him. Hunsberger's motion for new trial eventually was denied on March 16, 2018. Although it is apparent that multiple

---

[5] Barnes's first name was misspelled as Stephen in the prior proceedings.

[6] Id. at 593.

3

jurisdictions were involved with this defendant, there is no explanation in the record for the elapse of numerous years between Hunsberger's conviction, appointment of his appellate counsel, and disposal of his motion for new trial. This is another case with an excessive delay between an appellant's sentencing and the arrival of the appeal in this Court.[7]

1. Hunsberger first argues that the trial court improperly admitted through Harris a statement made by Barnes, which was co-conspirator hearsay, the admission of which violated Hunsberger's right of confrontation.

> [F]ormer OCGA § 24-3-5 . . . provided that the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all. The co-conspirator hearsay exception permits admission of the hearsay statement of a co-conspirator, made in the course of the conspiracy, so long as a prima facie case of conspiracy has been established apart from the hearsay statement itself.[8]

There was no error in allowing Harris to testify regarding Barnes's statement.[9] It was made to Harris during the concealment phase of the conspiracy to beat, kidnap,

---

[7] See *Owens v. State*, 303 Ga. 254, 258-260 (4) (811 SE2d 420) (2018).

[8] (Footnote and punctuation omitted.) *Crawford v. State*, 294 Ga. 898, 902 (2) (757 SE2d 102) (2014).

[9] See id. at 902-903 (2).

4

and murder Sturrup; therefore, the statement was admissible under former OCGA § 24-3-5.[10] And, in any event, the statement was cumulative of the evidence presented by other witnesses, including Hunsberger's own statement to authorities that he participated in the conspiracy and kidnaping.[11] Accordingly, this enumeration is without merit.

2. Hunsberger also argues that the trial court improperly commented to the jury its opinion of the evidence.

Former OCGA § 17-8-57 states

[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error[,] and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

(a) The first instance Hunsberger cites is a statement made by the court during the testimony of one of the investigators, and it related to the issue of venue:

---

[10] See *Wilbanks v. State*, 251 Ga. App. 248, 267 (18) (554 SE2d 248) (2001).

[11] See *Redwine v. State*, 280 Ga. 58, 63 (3) (c) (623 SE2d 485) (2005) (addressed pursuant to an ineffective assistance of counsel claim).

5

Members of the jury, while the district attorney is talking let me give you some information that you might know and you might not know. If a crime is committed in Richmond County, Georgia, then that person must be prosecuted in Richmond County, Georgia. If a crime is committed in South Carolina that crime cannot be prosecuted in Georgia and vice versa. In other words, normally speaking the crime must be prosecuted in the county where the crime took place. And in this case they're contended that this crime was committed in Richmond County, Georgia. If there was a murder and it if took place in South Carolina that could not be prosecuted in Richmond County, Georgia. So I just give you that as information. South Carolina would be the venue.

Pretermitting whether Hunsberger properly objected, and the State contends he did not, or whether the review of this error is under the plain error standard as the State contends it is, the statement at issue was a hypothetical statement made about the issue of venue and was not a statement on the evidence presented in the case.[12] Accordingly, this enumeration is without merit.

(b) Next, prior to Hunsberger's testimony, his statement to South Carolina authorities admitting his participation in the kidnapping had been entered into

---

[12] See *Foster v. State*, 290 Ga. 599, 601 (2) (723 SE2d 663) (2012) ("judicial comments 'limited to a clarification of procedures [that] do not address the credibility of witnesses or any fact at issue in the trial' do not violate OCGA § 17-8-57").

evidence but was redacted to omit any reference to Julio.[13] Hunsburger testified in his own defense, and he denied participating in the kidnapping; he was thereafter cross-examined. After cross-examination, in which Julio participated, the court reopened the evidence to allow Hunsberger's un-redacted statement to authorities into evidence. The trial court also made a statement explaining the procedure so that the jury understood that the unredacted portions were not an allegedly new statement, but were from the old statement that Hunsberger was questioned about earlier. Hunsberger argues that the trial court's act of reopening the evidence and of making the statement to the jury constituted an expression of opinion by the trial court regarding the veracity of the evidence against him presented prior to the reopening.[14] The trial court, however, specifically stated to the jury that it was not implying that the statement was true or not and that it was the jury's province to make the determination about the evidence. Thus, pretermitting whether Hunsberger preserved this issue for appeal, the trial court's decision to allow the evidence and its

---

[13] See *Bruton v. United States*, 391 U. S. 123 (88 SCt 1620, 20 LE2d 476) (1968) (explaining that statements to police made by a co-conspirator who is not subject to cross-examination are not admitted into evidence against a defendant).

[14] See OCGA § 17-8-57 (2001).

7

instructional statement to the jury did not constitute impermissible statements of opinion about the evidence.[15]

4. Finally, Hunsberger contends that the trial court improperly admitted a photographic line-up identification of him by a co-conspirator without having the co-conspirator available at trial for cross-examination, arguing that the admission of the line-up identification was hearsay pursuant to *White v. State*.[16] Pretermitting whether Hunsberger properly objected on this ground at trial,[17] or whether the objection would have been overruled based on an exception to the hearsay rule, the identification was cumulative of in-court identifications made by other co-conspirators and the defendant's statement admitting his involvement in the incident.[18] Accordingly, this argument is without merit.

*Judgment affirmed. Dillard, C. J., and Mercier, J., concur.*

---

[15] See *Foster*, 290 Ga. at 601 (2).

[16] 273 Ga. 787, 788-790 (2) (546 SE2d 514) (2001).

[17] See *Anthony v. State* 302 Ga. 546, 549 (II) (807 SE2d 891) (2017).

[18] See *White*, 273 Ga. at 791 (4).