In the Supreme Court of Georgia

Decided: November 17, 2014

S14A1248.  KIPP v. THE STATE.

THOMPSON, Chief Justice.

This is the second appearance of this case in this Court.  In Kipp v. State,

294 Ga. 55 (751 SE2d 83) (2013), appellant Deanna Kipp appealed

> her convictions and sentences for four counts of felony murder, one
> count of involuntary manslaughter, two counts of cruelty to children
> in the first degree, one count of concealing the death of another, and
> two counts of making false statements in connection with the abuse
> and resulting death of her 18-month-old daughter, Kaylee Kipp, and
> the abuse of her two other minor daughters, S. K. and A. K.

Id. at 55.  She contended that the jury's verdicts of involuntary manslaughter

and felony murder were mutually exclusive because "the jury may have found

that she acted with both criminal intent and criminal negligence in connection

with Kaylee's death," id. at 58-59,  and that the trial court erred in sentencing

her.  We held that the verdicts were not mutually exclusive, see id. at 58-61, but

that, because the case involved only a single homicide, the trial court erred in

sentencing her on each felony murder verdict, on the involuntary manslaughter

verdict, and on the aggravated assault verdict that was the underlying felony for the first felony murder count, see id. at 61. Accordingly, we affirmed the judgments of conviction, vacated in part, and remanded for resentencing. See id.

On January 10, 2014, the trial court resentenced Kipp, among other things, to a single life sentence on one of the felony murder verdicts, and she filed a timely notice of appeal. Her sole contention is that, under the rationale of Edge v. State, 261 Ga. 865 (414 SE2d 463) (1992), the verdict of involuntary manslaughter precluded a judgment of conviction on any of the felony murder verdicts and that the trial court thus erred in sentencing her to life in prison for felony murder.[1] We disagree.

> In Edge v. State, the jury found the defendant guilty of both felony murder and voluntary manslaughter for the death of a single victim, and the trial court entered judgment on both verdicts. See 261 Ga. at 865. This Court reversed the felony murder conviction, holding that "if there is but one assault and that assault could form the basis of either felony murder or voluntary manslaughter, a verdict of

[1] Because we resolve the Edge issue against appellant on the merits, we need not address whether, for purposes of the law-of-the-case doctrine, that issue is the same as the mutually-exclusive-verdict issue she raised in her first appeal. If it were, that doctrine would bar appellant from raising the Edge issue in this appeal. See Foster v. State, 290 Ga. 599, 601-602 (723 SE2d 663) (2012) (explaining that the law of the case bars a party from raising an issue in a second appeal that was decided in the first appeal between the same parties).

2

felony murder may *not* be returned if the jury finds that the assault is mitigated by provocation and passion." Id. at 866 (emphasis in original). The Court reasoned that "[t]o hold otherwise would eliminate voluntary manslaughter as a separate form of homicide since, in that event, every voluntary manslaughter would also be a felony murder." Id. To prevent this outcome, the Court adopted a modified merger rule that "precludes a felony murder conviction only where it would prevent an otherwise warranted verdict of voluntary manslaughter." Id. at 867.

Morgan v. State, 290 Ga. 788, 791 (725 SE2d 255) (2012).

As appellant acknowledges, this Court has declined to extend the modified merger rule of Edge to cases in which the jury returns verdicts of felony murder and involuntary manslaughter. See Jones v. State, 263 Ga. 835, 840 (439 SE2d 645) (1994); Alexander v. State, 263 Ga. 474, 479 (435 SE2d 187) (1993); McNeal v. State, 263 Ga. 397, 397-398 (435 SE2d 47) (1993). Appellant now urges us to overrule those cases and extend the rule to such verdicts. However, we continue to find the rationale of those cases sound and decline to overrule them. See, e.g., McNeal, 263 Ga. at 398 ("The sequential charge in Edge eliminated the jury's full consideration of voluntary manslaughter and its concomitant mitigating factor of provoked passion. See OCGA § 16-5-2 (a). Involuntary manslaughter does not contain an element that mitigates a greater offense. See OCGA § 16-5-3 (a). The absence of a mitigating factor makes our

3

holding in Edge inapplicable.").  Accordingly, we affirm the trial court's imposition of a life sentence for felony murder.

Judgment affirmed.  All the Justices concur.