301 Ga. 744
FINAL COPY

S17A0937. WALKER-MADDEN v. THE STATE.

BENHAM, Justice.

In the first appearance of this case before this Court, we affirmed, in part, appellant's convictions for murder and aggravated assault that were entered after a jury trial. See *Walker-Madden v. State*, 299 Ga. 32 (785 SE2d 879) (2016). We vacated the judgment in part, however, and remanded for the trial court to correct a sentencing error. Id. at 37 (3). We noted that the trial court erroneously determined that the jury's guilty verdicts for cruelty to children in the first degree and for aggravated battery merged with the malice murder conviction, and did not sentence him for those two counts. Accordingly, this Court remanded the case to the trial court for additional sentencing on those two counts, citing *Hulett v. State*, 296 Ga. 49, 52-56 (2) (766 SE2d 1) (2014). Id. On remand, the trial court conducted a hearing and then sentenced appellant to twenty years for the cruelty to children guilty verdict, and to a life sentence for the aggravated sexual battery guilty verdict,

each to run concurrently with the life without parole sentence previously imposed for the murder conviction.

Appellant appeals the entry of the new sentence and raises as his sole enumeration of error the assertion that the evidence was insufficient to sustain the convictions on these counts. Appellant's counsel urges this Court to clarify whether it is necessary to appeal, on the grounds of the sufficiency of the evidence, the entry of a new sentence entered on remand for resentencing, and states that the criminal defense bar is in need of direction on this issue. Otherwise, counsel states, appellate counsel may be vulnerable to a claim of ineffective assistance for failure to exhaust all remedies on direct appeal. The State filed a motion to dismiss the appeal, and we dismiss it for the reasons that follow.

The law is clear that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h). In this Court's previous opinion in this case, we concluded the evidence "was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Walker-Madden

was guilty of the crimes of which the jury, in fact, found him guilty." *Walker-Madden*, supra, 299 Ga. at 34 (1). That includes all the crimes for which he was found guilty, including the two counts for which he was sentenced upon remand. Further, any issue that can be raised on appeal must be raised, and that issue "will not be considered in a subsequent appeal in the same case." *Kent v. A. O. White, Jr., Consulting Engineer*, 266 Ga. App. 822, 824 (598 SE2d 113) (2004). Consequently, when, on appeal, the evidence is found to be legally sufficient to support a jury's guilty verdict on all counts, but the case is remanded for resentencing as to one or more of the guilty verdicts, then the sufficiency of the evidence may not be raised again on appeal of the resentencing order. Compare *Foster v. State*, 290 Ga. 599, 601-602 (723 SE2d 663) (2012) (an issue raised and decided on appeal from the first trial of a case may not be raised again on appeal after the case was remanded and tried for a second time); *Jackson v. State*, 323 Ga. App. 602, 603-604 (3) (753 SE2d 770) (2013) (allegations of unfairness relating to appellant's sentence should have been raised in the first appeal of the case, even though it was dismissed as untimely, and cannot be raised for the first time on appeal of the trial court's subsequent dismissal of appellant's motion to modify and vacate sentence). In a second appeal after remand for

3

resentencing, a criminal defendant may raise issues relating to the new sentencing order but may not raise issues that were, or could have been, raised in the first appeal of the case. See *Jackson*, supra. This appeal raises no issues relating to the sentencing order, and raises only an issue which was previously decided. Accordingly, the appeal must be dismissed. See *Richards v. State*, 275 Ga. 190 (563 SE2d 856) (2002).

Appeal dismissed. All the Justices concur.

Decided August 14, 2017.

Murder. DeKalb Superior Court. Before Judge Barrie.

Michael W. Tarleton, for appellant.

Sherry Boston, District Attorney, Leonora Grant, Lenny I. Krick, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew M. Youn, Assistant Attorney General, for appellee.