304 Ga. 729
FINAL COPY

S18A1143.  WELBON v. THE STATE.

WARREN, Justice.

This is the second appearance of this case before this Court.  In June 2014, Wayne Welbon was found guilty of malice murder and other crimes in connection with the February 2013 shooting death of Taurean Reeves.  After the trial court sentenced Welbon and denied his motion for new trial as amended by new counsel, Welbon appealed to this Court, contending that his trial counsel rendered ineffective assistance by failing to move to strike a certain prospective juror for cause and that the trial court erred by allowing the State to present testimony regarding statements Welbon allegedly made to the police involuntarily. Although Welbon did not challenge the sufficiency of the evidence to sustain his convictions, we "independently reviewed the record and conclude[d] that the evidence . . . was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Welbon was guilty of the crimes for which he was convicted." *Welbon v. State*, 301 Ga. 106, 108 (799

SE2d 793) (2017) (applying *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)).  Nevertheless, we vacated the trial court's order denying Welbon's motion for new trial and remanded the case for the trial court to consider Welbon's involuntariness claim under the proper legal standard and to make appropriate factual findings.[1]  Id. at 107, 110-111.  At that time, we expressed no opinion on the merits of Welbon's claim of ineffective assistance, but noted that he would be free to raise the issue on appeal if the trial court again denied Welbon's motion for new trial.  Id. at 111, n. 5.  On remand, the trial court did deny the motion for new trial a second time, concluding that the State carried its burden to demonstrate the voluntariness of Welbon's statements by a preponderance of the evidence.  Welbon now appeals from the trial court's order on remand.  Although he does not challenge the trial court's second ruling on his involuntariness claim, Welbon does raise the same claim of ineffective assistance that he raised in his first appeal, and he also now contends for the first time that the evidence was insufficient to sustain his convictions.  Finding no error, we affirm.

---

[1] The vacatur and remand were required because the trial court erroneously placed the burden on Welbon to show that his statements were involuntary, id. at 106-107, 109-110, and because we could not determine on the record before us that there was no evidence before the trial court that would authorize the grant of Welbon's motion to suppress evidence of his allegedly involuntary statements to the police, id. at 107, 110.

1. As noted above, we already reviewed the sufficiency of the evidence to sustain Welbon's convictions in his first appeal. Under the "law of the case" doctrine, which is applicable to rulings made by appellate courts in both civil and criminal cases, "'any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be.' OCGA § 9-11-60 (h)." *Langlands v. State*, 282 Ga. 103, 104 (646 SE2d 253) (2007). The "law of the case" rule applies to prior appellate rulings on the legal sufficiency of the evidence, regardless of whether the appellant raised the issue in the previous appeal. See *Walker-Madden v. State*, 301 Ga. 744, 745 (804 SE2d 8) (2017) (applying OCGA § 9-11-60 (h) to the holding in this Court's previous opinion in the same case that the evidence was sufficient to authorize a jury to find the defendant guilty beyond a reasonable doubt). Consequently, when an appellate court determines that the evidence is legally sufficient to support a jury's guilty verdict, but the case is remanded for reconsideration of a different issue, the sufficiency of the evidence may not be raised again in a second appeal unless a new trial was held. See *Walker-Madden*, 301 Ga. at 745 (citing *Foster v. State*, 290 Ga. 599, 601-602 (723

SE2d 663) (2012)).[2]  Because the evidentiary record in this case has not changed since our prior decision in *Welbon*, our previous ruling on the sufficiency of the evidence is the "law of the case" and is therefore binding on this Court.

2.  Welbon contends that his trial counsel rendered ineffective assistance by failing to move to strike a certain prospective juror for cause, thereby forcing counsel to use one of Welbon's peremptory strikes to remove the juror. During voir dire, the prospective juror, a high school counselor, indicated that she thought she would not be able to judge the case by the evidence presented because "a couple of" her students had been shot and killed and, as a result, she was "already thinking [Welbon] is guilty."  In response to a follow-up question, the juror stated, "More than likely, that's how I feel.  That probably won't change."  Upon further questioning, however, she repeatedly said that she would "try" and "definitely try" to follow her oath[3] as a juror by not making

<hr>

[2] By contrast, a criminal defendant in a second, post-remand appeal may raise issues relating to a new trial court order on remand, or may raise issues — such as the ineffective assistance claim in this case — that were raised but not decided in the first appeal.  See *Walker-Madden*, 301 Ga. at 745; *Welbon*, 301 Ga. at 111, n. 5.

[3] OCGA § 15-12-139 requires that an oath be administered to the trial jury in criminal cases.  The oath states that jurors "shall well and truly try the issue formed upon this bill of indictment (or accusation) . . . and a true verdict give according to the evidence."

up her mind until hearing all of the evidence presented in court, and then deciding the case based solely on that evidence.

Welbon now argues that, because the prospective juror had a fixed and definite opinion of Welbon's guilt and could not properly be rehabilitated, trial counsel should have moved to strike the juror for bias and avoid having to use a peremptory strike instead. But because Welbon has not shown that any alleged deficiency in counsel's performance was prejudicial, his claim of ineffective assistance fails.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U. S. 668, 687-695 (104 SCt 2052, 80 LE2d 674) (1984); *Wesley v. State*, 286 Ga. 355, 356 (689 SE2d 280) (2010). To satisfy the prejudice prong, a defendant must establish a reasonable probability that, in the absence of counsel's deficient performance, the result of the trial would have been different. *Strickland*, 466 U. S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "If an appellant fails to meet his or her burden of proving either prong of the

*Strickland* test, the reviewing court does not have to examine the other prong." *Lawrence v. State*, 286 Ga. 533, 533-534 (690 SE2d 801) (2010).

Assuming, without deciding, that counsel's failure to move to strike the prospective juror for cause was deficient, Welbon still has not established prejudice. Relying on *Kirkland v. State*, 274 Ga. 778, 779 (560 SE2d 6) (2002), *Nwakanma v. State*, 296 Ga. 493, 500 (768 SE2d 503) (2015), and *Fortson v. State*, 277 Ga. 164, 165-166 (587 SE2d 39) (2003), Welbon argues that because counsel did not seek to excuse the prospective juror for cause, Welbon was deprived of a full panel of qualified jurors to which he was entitled to direct his peremptory strikes. *Kirkland* and *Fortson*, however, relied on *Harris v. State*, 255 Ga. 464, 465 (339 SE2d 712) (1986). And in *Willis v. State*, 304 Ga. 686, 706 n.3, 707 (820 SE2d 640) (2018), we recently overruled *Harris* and *Fortson*—and disapproved *Nwakanma*, *Kirkland*, and other cases that referred to the relevant holdings in *Harris* and *Fortson*—and held that "it is harmless error where a defendant's motion to excuse a prospective juror is erroneously denied but the juror is subsequently removed from the defendant's twelve-person jury by his or her use of a peremptory strike." *Willis*, 304 Ga. at 701-702. We further held:

[A] defendant is not presumptively harmed by a trial court's erroneous failure to excuse a prospective juror for cause simply because the defendant subsequently elected to remove that juror through the use of a peremptory strike. Instead, such a defendant must show on appeal that one of the challenged jurors who served on his or her twelve-person jury was unqualified.

Id. at 707.

Accordingly, even if Welbon had moved to strike for cause the prospective juror at issue here, any error in denying the motion would have been harmless because Welbon used one of his peremptory strikes to remove that same prospective juror from the panel from which the twelve-person jury was chosen,[4] and he has not shown that any challenged juror who served on his jury was unqualified. See *Willis*, 304 Ga. at 707. In sum, Welbon has not shown that the number of qualified jurors would have been different had his counsel moved to strike the prospective juror for cause. Nor has Welbon shown any other basis for a finding of prejudice under the circumstances of his case. Because Welbon has failed to show that there was a reasonable probability that the outcome of his case would have been different but for trial

---

[4] Although the record does not specifically show trial counsel's use of a peremptory strike to remove this particular prospective juror, it does show that the prospective juror did not serve on the jury even though there was no motion to strike her for cause. And the parties agree — both in the transcript of the hearing on Welbon's motion for new trial and in the briefs before this Court — that trial counsel in fact used one of Welbon's peremptory strikes to remove the prospective juror at issue.

counsel's alleged deficiency, his claim of ineffective assistance of counsel fails. See *Blount v. State*, 303 Ga. 608, 610-611 (814 SE2d 372) (2018) (where defendant contended that counsel was ineffective for failure to exhaust peremptory strikes and remove a juror for potential bias, defendant failed to demonstrate prejudice because the juror was eventually removed from the jury for cause and thus played no role in the jury's verdicts). We therefore affirm the trial court's judgment.

Judgment affirmed. All the Justices concur.

Decided December 10, 2018.

Murder. Fulton Superior Court. Before Judge Goger.

Anna J. Kurien, for appellant.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, F. McDonald Wakeford, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vanessa T. Sassano, Assistant Attorney General, for appellee.