**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 9, 2026**

# In the Court of Appeals of Georgia

A25A2115. CANTY v. THE STATE.

PIPKIN, Judge.

In 2008, a Fulton County jury found Appellant Martin Canty guilty of committing aggravated sexual battery and child molestation against his four-year-old step-granddaughter in February 2007. The trial court sentenced him to serve 25 years in prison for aggravated sexual battery and five years concurrent for child molestation. This Court affirmed on appeal. See *Canty v. State*, 318 Ga. App. 13 (733 SE2d 64) (2012).

On April 15, 2024, Appellant filed a motion to vacate a void sentence claiming that his 25-year prison sentence for aggravated sexual battery was void because, he argued, OCGA § 17-10-6.2 required the trial court to impose a split sentence that included a period of probation. On April 30, 2024, the trial court granted Appellant's motion in part after concluding that statutes other than OCGA § 17-10-6.2 required the imposition of a split

sentence for aggravated sexual battery in 2007. The court resentenced Appellant on his aggravated sexual battery conviction to 25 years' imprisonment followed by life on probation — the minimum sentence authorized by statute. See OCGA §§ 16-6-22.2(c) (2007), 17-10-6.1(a)(7), (b)(2)(E) (2007); Ga. L. 2006, p. 379, §§ 16, 20. Appellant filed a timely notice of appeal from the order amending his sentence. However, he failed to file a brief and enumeration of errors, and on January 30, 2025, this Court dismissed his appeal as abandoned.[1]

Appellant then returned to the trial court where, on February 14, 2025, he filed a so-called "Motion to Set Aside Sentence," which in substance was either a motion to modify his sentence or a motion to vacate a void sentence.[2] On March 13, 2025, the trial court dismissed the motion, finding that it was not supported by the record or applicable law and

---

[1] In the meantime, Appellant also had filed an application for discretionary appeal from the April 2024 order, which this Court dismissed as untimely on July 9, 2024.

[2] Title 17 of the Georgia Code, which governs criminal procedure, does not authorize the filing of a "motion to set aside" a criminal conviction or sentence. Cf. OCGA § 9-11-60(d) (provision of the Civil Practice Act authorizing the filing of a "motion to set aside" a judgment in a civil case). Title 17 does, however, authorize the filing of a motion to correct, reduce, or modify a criminal sentence within one year after the date that the sentence was imposed (or, if a direct appeal is filed and the appellate court affirms the judgment, within 120 days after the trial court receives the remittitur), see OCGA § 17-10-1(f)(1), as well as a motion to shorten probation, see OCGA § 17-10-1(a)(5)(A). In addition, our Supreme Court has recognized the validity of a "motion to vacate" a void sentence, which may be filed "at any time," *Harper v. State*, 286 Ga. 216, 217 & n.1(1) (686 SE2d 786) (2009), but not a motion to vacate a void conviction, see id. at 218(2).

that it "reiterates claims previously denied by [the trial court] and recently abandoned on appeal." Appellant filed a timely notice of appeal from the order dismissing his "Motion to Set Aside Sentence," and this appeal followed.

In this appeal, Appellant seeks to challenge his amended sentence for aggravated sexual battery. However, he previously appealed the trial court's order imposing an amended sentence for aggravated sexual battery, and "[h]e is not entitled to another bite at the apple by way of a second appeal." *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001). At some point, "litigation must come to an end." Id. It makes no difference that Appellant's prior appeal was dismissed for a procedural error rather than decided on the merits. See *Massey v. Massey*, 294 Ga. 163, 165(2) (751 SE2d 330) (2013). See also *Walker-Madden v. State*, 301 Ga. 744, 745 (804 SE2d 8) (2017) (explaining that "any issue that can be raised on appeal must be raised, and that [any such] issue 'will not be considered in a subsequent appeal in the same case' ... [even when] the first appeal of the case ... was dismissed as untimely" (citations omitted)). It also makes no difference that, after we dismissed Appellant's prior appeal, he secured a later ruling from the trial court on his "Motion to Set Aside Sentence." See *Massey*, 301 Ga. at 745 ("[T]he rule that a litigant does not get two tries to appeal the same order is not overcome by OCGA § 5-6-34(d) ... ."). See also *Houston County v. Harrell*, 287 Ga. 162, 164 (695 SE2d 29) (2010) ("Harrell had a right to a direct

appeal ... ; she exercised that right, and cannot use procedural maneuvers to contrive a second appeal. Litigants cannot under any circumstances dictate the procedural or jurisdictional rules of this Court." (citation modified)).

Appellant is not entitled to a second appeal to challenge his amended sentence for aggravated sexual battery. Accordingly, we dismiss this appeal for lack of jurisdiction. See *Jackson*, 273 Ga. at 320. See also *Hall v. State*, 304 Ga. 281, 284 (818 SE2d 527) (2018) ("Georgia law does not allow us jurisdiction to entertain a second direct appeal.").

*Appeal dismissed. McFadden, P. J., and Hodges, J., concur.*